# Exhibit 2

IN THE CIRCUIT COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
IN AND FOR PALM BEACH COUNTY, FLORIDA

GEORGE MATTSON AND GNM ICBC, LLC,

    Petitioners,

v.

CASE NO.:

J.P. MORGAN SECURITIES, LLC,

    Respondent.

## APPLICATION AND MOTION TO VACATE ARBITRATION AWARD

Pursuant to the Federal Arbitration Act, 9 U.S.C. § 10 ("FAA"), and Florida Arbitration Code, Fla. Stat., § 682.13 *et seq.*, Petitioners George Mattson ("Mattson") and GNM ICBC, LLC ("GNM") (collectively referred to as the "Investors" or "Petitioners") move this Court to vacate the arbitration award served on October 1, 2018 (the "Award") by a panel of three arbitrators (the "Arbitrators") in the arbitration styled *George Mattson and GNM ICBC, LLC v. J.P. Morgan Securities, LLC*, Financial Industry Regulatory Authority ("FINRA"), arbitration case number 17-01969 (the "Arbitration"). A true and correct copy of the Award is attached hereto as Exhibit A and incorporated by reference herein.

As demonstrated more fully in the Petitioners' contemporaneously filed Brief in Support of their Application and Motion to Vacate Arbitration Award, the Arbitrators violated the FAA and the parties' written arbitration agreement, and therefore exceeded their powers, by (1) denying the Petitioners' statutory right to present evidence in support of their claim; and (2) permitting Respondent to assert a counterclaim at the conclusion of the hearing, over the objection of the Petitioners, in direct violation of the rules of the arbitral forum.

In support of their motion Petitioners show the Court as follows:

## PARTIES, JURISDICTION, AND VENUE

1. Mattson is a natural person and resident of Palm Beach County, Florida.

2. GNM is a limited liability company incorporated under the laws of the State of Delaware.

3. Respondent J.P. Morgan Securities, LLC ("JPMS") is a limited liability company incorporated under the laws of the State of Delaware.

4. Florida Courts have jurisdiction to hear disputes arising out of the Federal Arbitration Act. *See Baltin v. Alaron Trading Corp.*, 128 F. 3d 1466, 1469-70 (11th Cir. 1997) (citing *Moses H. Cone Memorial Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 25, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983)).

5. The arbitration hearing took place on September 17-21, 2018 in Palm Beach County, Florida.  The arbitration agreement between the Investors on the one hand and JPMS on the other hand (the "Arbitration Agreement") does not specify where a motion to vacate must be filed.  A true and correct copy of the Arbitration Agreement is attached hereto as Exhibit B and incorporated by reference herein.  Venue is therefore proper in this Court pursuant to Fla. Stat. Ann. § 682.019.

6. This Court has personal jurisdiction over JPMS because it consented to arbitration in Palm Beach County, Florida and regularly conducts business in Palm Beach County, Florida.

## FACTUAL AND PROCEDURAL HISTORY

7. The parties submitted the underlying dispute to arbitration before FINRA. *See* Ex. A, Award, p. 1.

8. The Arbitration took place September 17-21, 2018 in Boca Raton, Florida. *Id.*, p. 1.

9. On October 1, 2018, FINRA served the parties with the Award. *Id*., p. 5.

10. In the Award, the Arbitrators denied all of the Investors' claims in their entirety. *Id*., p. 2.

10. The Arbitrators required the Investors "pay to [JPMS] the sum of $200,000 in attorneys' fees pursuant to the terms of the Subscription Agreement dated May 27, 2014." *Id*., p. 2.

11. The Arbitrators further ordered the Investors to "pay to [JPMS] the sum of $75,000.00 in costs" and $12,575.00 of the $13,450.00 in Arbitrator hearing session fees. *Id*., p. 2-3.

## REQUEST FOR RELIEF

12. Pursuant to 9 U.S.C. § 10, the Petitioners request that the Court enter an Order vacating the Award in its entirety.

Respectfully submitted this 1st day of November, 2018.

**HASELKORN & THIBAUT, P.A.**

 /s/ Matthew N. Thibaut
Matthew N. Thibaut
Florida Bar No. 514918
mthibaut@htattorneys.com
359 S. County Road, Suite 101
Palm Beach, Florida  33480-4472
Tel: (561) 585-0000
Fax: (561) 833-4209

**LAW OFFICE OF CRAIG KUGLAR, LLC**

Craig H. Kuglar, Esq. (*Pro Hac Vice* Pending)
ck@kuglarlaw.com
931 Monroe Drive NE, Suite A102-353
Atlanta, Georgia  30308
Tel: (404) 432-4448
Fax: (404) 393-8007

*Attorneys for Petitioners*

# EXHIBIT A

**Award**
**FINRA Office of Dispute Resolution**

In the Matter of the Arbitration Between:

<u>Claimants</u>
George Mattson
GNM ICBC, LLC

<u>Case Number</u>: 17-01969

vs.

<u>Respondent</u>
J.P. Morgan Securities, LLC

<u>Hearing Site</u>: Boca Raton, Florida

Nature of the Dispute: Customers vs. Member

This case was decided by an all-public panel.

## REPRESENTATION OF PARTIES

For Claimants GNM ICBC, LLC and George Mattson: Craig H. Kuglar, Esq., Law Office of Craig Kuglar, LLC, Atlanta, Georgia.

For Respondent J.P. Morgan Securities, LLC: Tibor L. Nagy, Jr., Esq. and Anuja Thatte, Esq., Dontzin Nagy & Fleissig LLP, New York, New York.

## CASE INFORMATION

Statement of Claim filed on or about: July 26, 2017.
George Mattson signed the Submission Agreement: July 26, 2017.
GNM ICBC, LLC signed the Submission Agreement: July 26, 2017.

Statement of Answer filed by Respondent on or about: November 21, 2017.
J.P. Morgan Securities, LLC signed the Submission Agreement: November 21, 2017.

## CASE SUMMARY

Claimants asserted the following causes of action: negligence (failure to conduct due diligence and failure to supervise); common law fraud; breach of fiduciary duty; respondeat superior; and violations of state and federal securities laws, and FINRA rules. The causes of action relate to Claimants' investment in Jawbone, a San Francisco-based technology company.

Unless specifically admitted in the Statement of Answer, Respondent denied the allegations made in the Statement of Claim and asserted various affirmative defenses.

## RELIEF REQUESTED

In the Statement of Claim, Claimants requested: compensatory damages in the amount

of $1,000,000.00; interest at the rate of 4.75% per annum; attorneys' fees; costs; punitive damages; and such other and further relief deemed just and appropriate by the Panel.

In the Statement of Answer, Respondent requested: denial of the Statement of Claim, with prejudice; attorneys' fees; costs; and such other and further relief deemed just and proper by the Panel.

At the close of the hearing, Claimants presented three different final damage calculations using various interest rates and rates of return. The first total was $3,450,525.63, the second total was $1,852,120.83, and the third total was $2,768,513.42.

## OTHER ISSUES CONSIDERED AND DECIDED

The Arbitrators acknowledge that they have each read the pleadings and other materials filed by the parties.

During the evidentiary hearing, Respondent moved to strike two of Claimants' expert witnesses based on lack of qualifications, to which Claimants objected. The Panel granted both motions.

The parties present at the hearing have agreed that the Award in this matter may be executed in counterpart copies or that a handwritten, signed Award may be entered.

## AWARD

After considering the pleadings, the testimony and evidence presented at the hearing, and the post-hearing submissions (if any), the Panel has decided in full and final resolution of the issues submitted for determination as follows:

1. Claimants' claims are denied in their entirety.

2. Claimants are jointly and severally liable for and shall pay to Respondent the sum of $200,000.00 in attorneys' fees pursuant to the terms of the Subscription Agreement dated May 27, 2014.

3. Claimants are jointly and severally liable for and shall pay to Respondent the sum of $75,000.00 in costs.

4. Any and all claims for relief not specifically addressed herein, including Claimants' requests for punitive damages and attorneys' fees, are denied.

## FEES

Pursuant to the Code of Arbitration Procedure, the following fees are assessed:

### Filing Fees
FINRA Office of Dispute Resolution assessed a filing fee* for each claim:

    Initial Claim Filing Fee                                         =$ 1,725.00

*The filing fee is made up of a non-refundable and a refundable portion.*

### Member Fees
Member fees are assessed to each member firm that is a party in these proceedings or to the member firm(s) that employed the associated person(s) at the time of the event(s) giving rise to the dispute. Accordingly, as a party, Respondent is assessed the following:

    Member Surcharge                                  =$ 2,475.00
    Member Process Fee                               =$ 5,075.00

### Discovery-Related Motion Fee
Fees apply for each decision rendered on a discovery-related motion.

One (1) decision on a discovery-related motion on the papers
with one (1) arbitrator @ $200.00/decision                 =$   200.00

Non-parties submitted one (1) discovery-related motion

Total Discovery-Related Motion Fees                       =$   200.00

The Panel has assessed the total $200.00 discovery-related motion fee jointly and severally to Claimants.

### Hearing Session Fees and Assessments
The Panel has assessed hearing session fees for each session conducted. A session is any meeting between the parties and the arbitrator(s), including a pre-hearing conference with the arbitrator(s) that lasts four (4) hours or less. Fees associated with these proceedings are:

One (1) pre-hearing session with a single arbitrator @ $450.00/session   =$   450.00
Pre-hearing conference:    February 21, 2018       1 session

One (1) pre-hearing session with the Panel @ $1,300.00/session     =$ 1,300.00
Pre-hearing conference:    January 11, 2018        1 session

Nine (9) hearing sessions @ $1,300.00/session                 =$11,700.00
Hearing Dates:            September 17, 2018     2 sessions
                             September 18, 2018     2 sessions
                             September 19, 2018     2 sessions
                             September 20, 2018     2 sessions
                             September 21, 2018     1 session

Total Hearing Session Fees                                      =$13,450.00

The Panel has assessed $12,575.00 of the hearing session fees jointly and severally to Claimants.

The Panel has assessed $875.00 of the hearing session fees to Respondent.

All balances are payable to FINRA Office of Dispute Resolution and are due upon receipt.

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gloria O. North | - | Public Arbitrator, Presiding Chairperson |
| Daniel Joseph Chiodo | - | Public Arbitrator |
| Ronald W. Weissman | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_Gloria O. North_ (signature)　　　　　　　September 28, 2018

Gloria O. North　　　　　　　　　　　　　　Signature Date
Public Arbitrator, Presiding Chairperson


Daniel Joseph Chiodo　　　　　　　　　　Signature Date
Public Arbitrator


Ronald W. Weissman　　　　　　　　　　Signature Date
Public Arbitrator


10/1/18
Date of Service (For FINRA Office of Dispute Resolution office use only)

FINRA Office of Dispute Resolution
Arbitration No. 17-01969
Award Page 5 of 5

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gloria O. North | - | Public Arbitrator, Presiding Chairperson |
| Daniel Joseph Chiodo | - | Public Arbitrator |
| Ronald W. Weissman | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_____
Gloria O. North
Public Arbitrator, Presiding Chairperson

Signature Date

_____
Daniel Joseph Chiodo
Public Arbitrator

9/27/18
Signature Date

_____
Ronald W. Weissman
Public Arbitrator

Signature Date

10/1/18
_____
Date of Service (For FINRA Office of Dispute Resolution office use only)

## ARBITRATION PANEL

| | | |
|---|---|---|
| Gloria O. North | - | Public Arbitrator, Presiding Chairperson |
| Daniel Joseph Chiodo | - | Public Arbitrator |
| Ronald W. Weissman | - | Public Arbitrator |

I, the undersigned Arbitrator, do hereby affirm that I am the individual described herein and who executed this instrument, which is my award.

**Concurring Arbitrators' Signatures**

_____  
Gloria O. North  
Public Arbitrator, Presiding Chairperson

_____  
Signature Date

_____  
Daniel Joseph Chiodo  
Public Arbitrator

_____  
Signature Date

_Ronald W Weissman_ (signed)  
Ronald W. Weissman  
Public Arbitrator

9/27/2018  
Signature Date

10/1/18  
_____  
Date of Service (For FINRA Office of Dispute Resolution office use only)

# EXHIBIT B

**THE FOLLOWING SECTION REGARDING ARBITRATION APPLIES ONLY TO BROKERAGE AND MARGIN ACCOUNTS WITH A J.P. MORGAN ENTITY**

### 11. Arbitration; Consent to Jurisdiction; Service of Process

(a) THIS AGREEMENT CONTAINS A PREDISPUTE ARBITRATION CLAUSE. BY SIGNING AN ARBITRATION AGREEMENT THE PARTIES AGREE AS FOLLOWS:

- ALL PARTIES TO THIS AGREEMENT ARE GIVING UP THE RIGHT TO SUE EACH OTHER IN COURT, INCLUDING THE RIGHT TO A TRIAL BY JURY, EXCEPT AS PROVIDED BY THE RULES OF THE ARBITRATION FORUM IN WHICH A CLAIM IS FILED.
- ARBITRATION AWARDS ARE GENERALLY FINAL AND BINDING; A PARTY'S ABILITY TO HAVE A COURT REVERSE OR MODIFY AN ARBITRATION AWARD IS VERY LIMITED.
- THE ABILITY OF THE PARTIES TO OBTAIN DOCUMENTS, WITNESS STATEMENTS AND OTHER DISCOVERY IS GENERALLY MORE LIMITED IN ARBITRATION THAN IN COURT PROCEEDINGS.
- THE ARBITRATORS DO NOT HAVE TO EXPLAIN THE REASON(S) FOR THEIR AWARD, UNLESS, IN AN ELIGIBLE CASE, A JOINT REQUEST FOR AN EXPLAINED DECISION HAS BEEN SUBMITTED BY ALL PARTIES TO THE PANEL AT LEAST 20 DAYS PRIOR TO THE FIRST SCHEDULED HEARING DATE.
- THE PANEL OF ARBITRATORS WILL TYPICALLY INCLUDE A MINORITY OF ARBITRATORS WHO WERE OR ARE AFFILIATED WITH THE SECURITIES INDUSTRY.
- THE RULES OF SOME ARBITRATION FORUMS MAY IMPOSE TIME LIMITS FOR BRINGING A CLAIM IN ARBITRATION. IN SOME CASES, A CLAIM THAT IS INELIGIBLE FOR ARBITRATION MAY BE BROUGHT IN COURT.
- THE RULES OF THE ARBITRATION FORUM IN WHICH THE CLAIM IS FILED, AND ANY AMENDMENTS THERETO, SHALL BE INCORPORATED INTO THIS AGREEMENT.
- NO PERSON SHALL BRING A PUTATIVE OR CERTIFIED CLASS ACTION TO ARBITRATION, NOR SEEK TO ENFORCE ANY PRE DISPUTE ARBITRATION AGREEMENT AGAINST ANY PERSON WHO HAS INITIATED IN COURT A PUTATIVE CLASS ACTION OR WHO IS A MEMBER OF A PUTATIVE CLASS WHO HAS NOT OPTED OUT OF THE CLASS WITH RESPECT TO ANY CLAIMS ENCOMPASSED BY THE PUTATIVE CLASS ACTION UNTIL:
  i) THE CLASS CERTIFICATION IS DENIED;
  ii) THE CLASS IS DECERTIFIED; OR
  iii) THE CLIENT IS EXCLUDED FROM THE CLASS BY THE COURT. SUCH FORBEARANCE TO ENFORCE AN AGREEMENT TO ARBITRATE SHALL NOT CONSTITUTE A WAIVER OF ANY RIGHTS UNDER THIS AGREEMENT EXCEPT TO THE EXTENT STATED HEREIN.
- BY ENTERING INTO THIS AGREEMENT THE CLIENT AND J.P. MORGAN AGREE THAT CONTROVERSIES ARISING UNDER OR RELATING TO THIS AGREEMENT OR ANY ACTIVITY BETWEEN THE CLIENT AND J.P. MORGAN, ITS PREDECESSORS, AND ANY OF THEIR RESPECTIVE SUCCESSORS, ASSIGNS, AND ANY OF THEIR, DIRECTORS, EMPLOYEES, AND ANY OTHER CONTROL PERSONS AND ANY OF THEIR AGENTS, WHETHER ARISING PRIOR TO, ON OR SUBSEQUENT TO THE DATE HEREOF, SHALL BE DETERMINED BY ARBITRATION AND IN ACCORDANCE WITH THE RULES OF THE FINANCIAL INDUSTRY REGULATORY AUTHORITY, INC. ("FINRA") BEFORE AN ARBITRATION PANEL APPOINTED BY FINRA IN ACCORDANCE WITH ITS RULES, AND SUCH HEARING OR HEARINGS SHALL BE CONDUCTED IN A LOCALE SELECTED BY FINRA. THE AWARD OF THE ARBITRATORS, OR OF THE MAJORITY OF THEM, SHALL BE FINAL, AND JUDGMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION.

(b) Notwithstanding the provisions of subparagraph (a) above, either party may, at any time prior to the initial arbitration hearing pertaining to such dispute or controversy, seek by application to the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York any such temporary or provisional relief or remedy ("Provisional Remedy") provided for by the laws of the U.S. or the laws of the State of New York as would be available in an action based upon such dispute or controversy in the absence of an agreement to arbitrate. The parties acknowledge and agree that it is their intention to have any such application for a Provisional Remedy decided by the Court to which it is made and that such application shall not be referred to or settled by arbitration. No such application to either said Court for a Provisional Remedy, nor any act or conduct by either party in furtherance of or in opposition to such application, shall constitute a relinquishment or waiver of any right to have the underlying dispute or controversy with respect to which such application is made settled by arbitration in accordance with subparagraph (a) above.

(c) With respect to any application for a Provisional Remedy and any application for judgment on an arbitration award, each party irrevocably (i) submits to the jurisdiction of the U.S. District Court for the Southern District of New York or the Supreme Court of the State of New York for the County of New York, (ii) waives any objection which it may have at any time to the laying of venue of any proceedings brought in any such court, waives any claim that such proceedings have been brought in an inconvenient forum and further waives the right to object, with respect to such proceedings, that such court does not have any jurisdiction over such party, and (iii) consents to service of process by certified mail, return receipt requested, to the address provided for herein.

(d) The client hereby agrees to receive service of process in connection with any legal matters or actions or proceedings based upon, arising out of or relating in any way to this Agreement by confirmed, return-receipt requested mail and that delivery shall be presumed if such service is mailed to the address maintained by J.P. Morgan in its records.

(e) The client agrees that in any arbitration proceeding with J.P. Morgan, the arbitrators shall be bound by, and obligated to follow, the substantive law of the State of New York and of the United States regardless of where the agreement was executed, except to the extent that such laws would permit the arbitrators to disregard the substantive laws of the State of New York and the United States.

(f) The client agrees that the terms of any settlement or any award determined by arbitration shall be confidential and shall not be disclosed by the client, the client's attorneys or the client's representatives under any circumstances unless required by applicable law, judicial proceeding, or self-regulatory organization rule or order.

(g) This arbitration provision may be waived only with the written agreement of J.P. Morgan.

### 12. Severability

If and to the extent any term or provision herein is or should become invalid or unenforceable, then (i) the remaining terms and provisions hereof shall be unimpaired and remain in full force and effect and (ii) the invalid or unenforceable provision or term shall be replaced by a term or provision that is valid and enforceable and that comes closest to expressing the intention of such invalid or unenforceable term or provision.

### 13. Affiliations

If the client is a natural person, the client represents that unless the client has notified J.P. Morgan to the contrary, neither the client nor any member of the client's immediate family is: (i) an employee or member of any exchange, (ii) an employee or member of FINRA, (iii) an employee of any corporation or firm engaged in the business of dealing, as broker or principal, in securities, options or futures or (iv) an employee of any bank, trust company or insurance company. Persons signing on behalf of others should indicate

CONFIDENTIAL                                                                                                                                                                                              JPMS_00004345